IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | | |
|---|---|---|---|
| In Re: | ) | Case No: | 08-31707 |
|     Ronald Williams | ) | | |
|     Dana M. Morgan-Williams | ) | Chapter: | Chapter 13 |
|         Debtors | ) | | |
| | ) | Judge: | Pamela S. Hollis |

| | | | |
|---|---|---|---|
| **Ronald Williams and Dana** | ) | | |
| **Morgan Williams** | ) | | |
|               **Plaintiffs** | ) | | |
|     Vs. | ) | Adv. No: | 11 A. 02415 |
| | ) | | |
| **Marilyn O. Marshall as Trustee,** | ) | Judge: | Pamela S. Hollis |
|               **Defendant** | ) | | |

### NOTICE OF MOTION

**To:** - Marilyn O. Marshall, 224 S. Michigan Avenue, Suite 800, Chicago, IL 60604
- Anthony Olivadoti as counsel for Marilyn O. Marshall, 224 S. Michigan Avenue, Suite 800, Chicago, IL 60604
- Ronald Williams and Dana Morgan-Williams, 1108 S. 7th Avenue, Maywood, IL 60153

PLEASE TAKE NOTICE, that on Feburary 27th, 2012, at 10:00 a.m., I shall appear before the Honorable Judge Pamela S. Hollis at 219 S. Dearborn, Chicago, Illinois 60604, in Courtroom 644, and then and there present the attached **MOTION FOR JUDGMENT ON THE PLEADINGS**.

                                                              */s/ Justin R. Storer*
                                                              Justin R. Storer

### CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that a true and correct copy of the foregoing notice and motion was served on the above with postage prepaid from 55 E. Monroe, Chicago, IL 60603, on Feburary 11th, 2012, before the hour of 5:30 p.m.

                                                               */s/ Justin R. Storer*
                                                              Justin R. Storer

**Attorney for the Plaintiffs**
Justin R. Storer
Geraci Law L.L.C.
55 E. Monroe, Suite 3400
Chicago, IL 60603
312-332-1800 (ph.)
877-247-1960 (fax)
ndil@geracilaw.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | | |
|---|---|---|---|
| In Re: | ) | Case No: | 08-31707 |
|    Ronald Williams | ) | | |
|    Dana M. Morgan-Williams | ) | Chapter: | Chapter 13 |
|       Debtors | ) | | |
| | ) | Judge: | Pamela S. Hollis |

| | | | |
|---|---|---|---|
| Ronald Williams and Dana | ) | | |
| Morgan Williams | ) | | |
|       Plaintiffs | ) | | |
| Vs. | ) | Adv. No: | 11 A. 02415 |
| | ) | | |
| Marilyn O. Marshall as Trustee, | ) | Judge: | Pamela S. Hollis |
|       Defendant | ) | | |

### MOTION FOR JUDGMENT ON THE PLEADINGS

1. The instant adversary proceeding arises under 11 U.S.C. 554(b) and Federal Rule of Bankruptcy Procedure 7001 et. seq. It was brought by filing a complaint on November 15, 2011.

2. On December 20th, 2011, the Trustee answered the complaint.

3. Pursuant to Federal Rule of Civil Procedure 12(c), after the pleadings are closed, a party may move for judgment on the pleadings.

4. As the Illinois Supreme Court has said, "[a] motion for judgment on the pleadings is like a motion for summary judgment limited to the pleadings. Judgment on the pleadings is proper 'if the admissions in the pleadings disclose that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law." *Employers Ins. v. Ehlco Liquidating Trust*, 708 N.E.2d 1122, 1129 (1999), *internal citations omitted*.

5. No evidentiary facts being in dispute and pleadings being closed, the matter is ripe for judgment on the pleadings.

6. According to 11 U.S.C. 554(b), in full: "On request of a party in interest and after notice and a hearing, the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate."

7. Trustee Marilyn O. Marshall is holding certain funds received from the Debtors prior to the order dismissing the underlying bankruptcy. Those funds must be returned to the Debtors.

8. Section 349 of the Bankruptcy Code governs the effect of a bankruptcy case's dismissal. "The basic purpose of [11 U.S.C. 349(b)] is to undo the bankruptcy case, as far as practicable, and to restore all property rights to the position in which they were found at the commencement of the case. *In re Nash*, 765 F.2d 1410, 1414 (9th Cir. 1985) citing S.Rep. 989, 95th Cong. 2nd Sess 49, reprinted in 1978 U.S. Code Cong. & Ad. News 5787, 5835.

9. As the Bankruptcy Court for the Northern District of Illinois has vividly stated, "If the Trustee still has [money on hand], the dismissal terminates the trustee's power to make further distributions under the now aborted plan." *In re Slaughter*, 141 B.R. 661, at fn. 4 (Bankr. N.D.Ill 1992).

10. Because the Trustee is holding onto funds she no longer has the authority to disburse, those funds must be returned to the Debtors as valueless to the bankruptcy estate.

WHEREFORE THE PLAINTIFFS, Ronald Williams and Dana Morgan-Williams, pray this court enter an order directing the Trustee to, as soon as is practicable, return to the Debtors all funds on hand, not yet disbursed to creditors, received from the debtors before the entry of the order dismissing the underlying bankruptcy.

*/s/ Justin R. Storer*
Justin R. Storer

**Attorney for the Plaintiffs**
Justin R. Storer
Geraci Law L.L.C.
55 E. Monroe, Suite 3400
Chicago, IL 60603
312-332-1800 (ph.)
877-247-1960 (fax)
ndil@geracilaw.com