IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In the matter of<br><br>**Ronald Williams**<br>**Dana M Morgan-Williams**<br>      Debtors<br>_____<br><br>**Ronald Williams**<br>**Dana M Morgan-Williams**<br><br>      Plaintiff,<br>  vs.<br><br>**Marilyn O. Marshall as Trustee**,<br><br>      Defendant. | **Chapter 13 Case No. 08 B 31707**<br><br><br><br><br><br>**ADV No. 11 A 02415**<br><br><br><br>**Judge Pamela S Hollis** |

**TRUSTEE'S RESPONSE TO DEBTOR'S MOTION FOR SUMMARY JUDGMENT**

NOW COMES the Standing Trustee, Marilyn O. Marshall, and in Response to Debtors' Complaint, respectfully states as follows:

**FACTUAL ALLEGATIONS**

The facts in this case are not in dispute. The Debtors filed for chapter 13 bankruptcy on November 20, 2008. Debtors' plan was confirmed on February 23, 2009 providing for plan payments of $4,625 per month for 60 months. The Debtors paid $155,879.58 into their case before voluntarily dismissing it on September 26, 2011. The Trustee has distributed $136,770.12 pursuant to the debtor's confirmed plan. At issue is approximately $16,868.24 that was received and held by the Trustee prior to the voluntary dismissal of the debtors' case.

**FUNDS HELD BY THE TRUSTEE SHOULD BE PAID TO CREDITORS**

**I. The plain meaning of the code requires the Trustee to pay creditors from funds received by the debtors.**

The distribution of plan payments is governed by 11 U.S.C. §1326. 11 U.S.C. §1326 is titled "Payments." Section 1326 states in pertinent part:

> (a)(2) A payment made under paragraph (1)(A) shall be retained by the trustee until confirmation or denial of confirmation. If a plan is confirmed, the trustee shall distribute any such payment in accordance with the plan as soon as practicable. If a plan is not confirmed, the trustee shall return any such payments not previously paid and not yet due and owing to creditors pursuant to paragraph (3) to the debtor, after deducting any unpaid claim allowed under section 503(b).

In the case at bar the debtors' plan was confirmed. Thus, the plain meaning of the code mandates, by using "shall," that the Trustee distribute all funds on hand as soon a practicable to creditors pursuant to the confirmed plan. Thus the bankruptcy code is clear, that all funds received are to be distributed according to a confirmed plan. For further support that payments made to the trustee are to be distributed to creditors, we next look to section 1326(c). 11 U.S.C. §1326(c) which further states:

> Except as otherwise provided in the plan or in the order confirming the plan, the trustee shall make payments to creditors under the plan.

Section 1326(c) governs all payments received after confirmation of a case. Again the bankruptcy code clearly mandates that the trustee **shall** make payments to creditors under the plan. The only qualification here is when a plan is not confirmed, which is not the case before the court. Notably, the bankruptcy code only provides that payments be returned to the debtor in cases where the debtors' plan is not confirmed. In the case at bar the debtors' plan was confirmed and plan payments should be distributed according to that plan. The analysis should stop here.

Additionally, neither the plan nor the order confirming the plan calls for plan

2

payments to be distributed to the debtors rather than to creditors. Section 1326(c) clearly requires the trustee to distribute funds according to the confirmed plan regardless of conversion or dismissal of the case. The bankruptcy code does not provide, post confirmation, an alternative other than that funds held by the Trustee must be distributed to creditors in accordance with their confirmed plan.

Other courts have addressed the plain meaning of the bankruptcy code to reach the conclusion asserted by the trustee in this case, *i.e.* that the funds held by the trustee should be distributed to creditors in accordance with the confirmed plan. See *In re Hufford*, 460 B.R. 172 (Bankr. N.D. Ohio 2011); *In re Parker*, 400 B.R. 55 (Bankr. E.D. Pa. 2009); and *In re Parrish*, 275 BR 424 (Bankr. D.D.C. 2002).

The plain meaning of the bankruptcy code clearly favors the Trustee's position. In the case of *Hufford*, the debtors voluntarily dismissed their case after it was confirmed. As in the current case, debtors motioned the court to order the chapter 13 trustee in that case to turn over funds on hand back to the debtors. In siding with the Trustee's position, the court noted, "Considered then within this statutory framework, alone, the position espoused by the Trustee is above reproach. All funds remaining in his custody, including the $15,600.00 collected by the Trustee since he filed his Motion to Dismiss, should be distributed according to the Debtors' Chapter 13 plan of reorganization—i.e., such funds should be distributed to the Debtors' creditors. Such an approach, whereby upon dismissal remaining funds held by a trustee are distributed according to a debtor's confirmed Chapter 13 plan, finds additional support. In *In re Parrish*, the court, relying on §1326(a)(2), held that the dismissal of a chapter 13 case does not relieve the chapter 13 trustee of his statutory duty to distribute funds in accordance with a confirmed plan.

3

275 B.R. 424, 426 (Bankr.D.D.C.2002)." *Hufford* at 176.

**II. The harmonization of 11 U.S.C. §1326(a)(2) and §349 supports the Trustee's position that funds must be paid to creditors pursuant to debtors' confirmed plan.**

The Debtors position does not dispute that §1326 requires the Trustee to pay creditors but relies on decisions that implement 11 U.S.C §349 to vacate the confirmation and to "undo" the bankruptcy case (see Motion Judgment ¶8 and 9). The Trustee asserts that the application of §349 to undo the bankruptcy is misplaced and would lead to an absurd result. The analysis and application of §349 to funds held by the standing trustee in a dismissed case was undertaken by the court in the case of *In re Parrish*, 275 BR 424 (Bankr. D.D.C. 2002).

The facts surrounding the *Parrish* decision are exactly on point with the case at bar. Lisa Parrish filed for chapter 13 relief and had her plan confirmed in September 2000. Subsequently, in 2001, Parrish moved to have her case dismissed pursuant to 11 U.S.C. §1307(b) and that motion was granted. Parrish then asked the court to order the Trustee to turnover any remaining funds on hand back to her. The court denied the debtor's motion concluding that the chapter 13 trustee was obligated to disburse the funds held in accordance with the terms of the confirmed plan. *Parrish* at 425.

In reaching his holding, Judge Teel noted, "Section 1326(a)(2) makes no exception with respect to funds held by a trustee at the moment of dismissal; by its terms, those funds must be disbursed in accordance with the terms of the confirmed plan. In respect to such funds, no provision of the Bankruptcy Code overrides §1326(a)(2) based on dismissal of the case." *Id* at 426.

Specifically, the court analyzed and rejected the contention that §349 requires that

4

funds be returned to the debtors. The court further concluded, "Although §349(b)(2) vacates certain orders, it does not list orders confirming chapter 13 plans as among the orders that a dismissal vacates. Accordingly, Congress did not intend §349(b) to vacate an order confirming a chapter 13 plan such as to render §1326(a)(2) no longer controlling with respect to the disposition of funds held by the trustee under a confirmed plan at the moment of dismissal. This is additional evidence that §349(b)(3) ought not be read as terminating the statutory commands of §1326(a)(2)." *Id* at 427.

The proposition for refunding plan payments to the debtor is not literally found in the bankruptcy code but through a theory that the dismissal of the case effectively vacates the confirmed plan. *See In re Nash*, 765 F.2d 1410, 1414 (9th Circ. 1985); also In re Slaughter, 141 B.R. 661 (Bankr. N.D. Ill. 1992) (dismissal terminates the estate and returns prepetition estate property to the entity in which the property was vested).

The court in *Parrish* distinguished the holdings in *Nash* and *Slaughter*, cases the debtors are relying on in this case, by noting that *Nash* was decided applying a previous version of the bankruptcy code. "[T]he provisions of current §1326(a) did not apply in Nash. Instead, an earlier version of §1326 applied that did not contain any directive for the trustee to distribute plan payments in accordance with a confirmed plan." *Id* at 429. The Parrish court also rejected the holding in *Slaughter*, noting that the court in *Slaughter* failed to even mention §1326(a)(2). *Id* at 430.

Judge Teel further rejected the position taken by the debtor and that the re-vesting of property requires a refund from the trustee by stating, "This analysis demonstrates that §349(b) similarly cannot undo §1326(a)(2). Specifically, in regard to funds held by the trustee at the moment of dismissal, §349(b)(3) does not purport to address the effect of

dismissal on the confirmation order, the confirmed plan, and the trustee's duties under §1326(a)(2). Accordingly, a debtor's title, under §349(b)(3)'s revesting provisions, to funds that were paid pre-dismissal to a trustee under a confirmed plan is irrelevant: unless dismissal vacates the effectiveness of a confirmed plan (and nothing in the Bankruptcy Code says it does), §1326(a)(2) requires the trustee to disburse those funds in accordance with the confirmed plan without regard to who holds title." *Id*. As the court succinctly held, the code addresses the dismissal of a case only to the "implicit termination of the debtor's obligation to make future plan payments does not answer whether dismissal renders the plan ineffective as to past payments. Unlike future plan payments, nothing in the structure of the Bankruptcy Code's provisions suggests that dismissal undoes the confirmed plan with respect to past payments." *Id* at 434.

**III.  The Trustee further seeks to administer chapter 13 cases consistently.**

Chapter 13 is a voluntary process chosen by the debtors. Pursuant to 11 U.S.C. §1307(a), debtors also have the right to voluntarily dismiss their chapter 13 case at any time. In a perfect world, the trustee would distribute funds to creditors as soon as funds were received from the debtors. If this were the case, the issue before the court would rarely is ever arise. The Trustee cannot effectively administer chapter 13 cases by making daily distributions. The reality of the situation is that the Trustee disburses debtor funds to creditors once a month.

Debtors make their plan payments in the first place so that they can pay their creditors and so that they can enjoy the protections of the automatic stay. The debtors in the case at bar paid the funds to the trustee for distribution to creditors so that they could have the stay protection. The creditors in this case were held at bay by the stay in

6

reliance on receiving funds from the debtor through the trustee.

The Trustee further seeks to administer cases consistently.  While the Trustee acknowledges that this court will decide for itself the legal issues presented here, the Trustee also administers cases before the Honorable Judge Eugene R. Wedoff in the Northern District of Illinois.  Judge Wedoff has chosen to follow *Parrish* as the better line of reasoning.  *See* Judge Eugene R. Wedoff, *Chapter 13 Attorney Fees After Conversion or Dismissal, available at* http://www.chi13.com/Web/newsletters/Newsletter2011Apr.pdf (Vol X, No. 4, April 2011).  Furthermore, the Trustee administers approximately 10,000 open cases at any point.  Having to set up different distribution and case closing procedures depending on which Judge was assigned to the case would be quite burdensome and lead to mis-disbursements and errors in the administration of chapter 13 cases.

## CONCLUSION

Upon confirmation of a chapter 13 plan, funds are to be distributed to creditors pursuant to that confirmed plan.  Any funds held by the Trustee up and until a case is dismissed belong to creditors and must be distributed to those creditors.  The statutory construction of 11 U.S.C. §1326(a)(2) requires the Trustee to disburse funds to creditors.  No bankruptcy code section requires the Trustee to refund funds back to the debtor once a case is dismissed.  Therefore this court should find in favor of the standing chapter trustee and order that the funds on hand are to be distributed to creditors pursuant to the debtors' confirmed chapter 13 plan.

WHEREFORE, the Defendant, Marilyn O. Marshall, as Trustee prays that this Court enter a judgment in her behalf denying the relief requested by Debtors and Dismissing this Adversary Proceeding.

/s/ O. Anthony Olivadoti
for Trustee Marilyn O. Marshall

Marilyn O. Marshall
Standing Trustee
224 S. Michigan, Suite 800
Chicago, IL 60604
(312) 431-6533